## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| HOWELL O. ATKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 3:08-CV-06 |
| | ) | |
| SUPERINTENDENT OF | ) | |
| WESTVILLE CORRECTIONAL | ) | |
| FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

### OPINION AND ORDER

This matter is before the Court on the: (1) Motion to Compel and to Produce Documents; and (2) Motion for Default Judgment and or Judgment on the Preponderance of Evidence Thus Far, both filed by Petitioner, Howell O. Atkins, on February 27, 2008; and (3) Motion for Immediate and Expeditious Verdict on the Complete Record Herein, filed by Petitioner on February 29, 208. For the reasons set forth below, the motion to compel (DE# 6) is **DENIED**, the motion for default judgment (DE# 7) is **DENIED**, the motion for immediate ruling (DE# 9) is **GRANTED**, the habeas corpus petition (DE# 1) is **DENIED**, and the respondent is **DISCHARGED** from any obligation to respond to the order to show cause.

BACKGROUND

Howell O. Atkins, a *pro se* prisoner, initiated this proceeding by filing a habeas corpus petition challenging the prison disciplinary hearing in case number COL 07-04-0006. In that hearing, Petitioner had been charged with unauthorized possession of United States currency in violation of B-248, but he was found guilty of the reduced charged of unauthorized use or abuse of the mail in violation of C-361.

After Atkins paid the filing fee in this case, the habeas petition was taken under advisement and the Respondent was ordered to enter an appearance on or before March 5, 2008 and to file a return along with the administrative record on or before May 8, 2008. The respondent has entered an appearance, but the deadline for filing a return has not yet passed and no return has been filed.

Nevertheless, Atkins impatient for a ruling, has submitted three motions to the Court, supplemental documentation which he purports constitutes the record, and unequivocally requests that the Court rule immediately because his release date is approaching and he fears that he will be out before a final judgment is entered.

DISCUSSION

Though Petitioner alleges that he was punished with the loss of five months earned credit time and a demotion from credit class 1 to credit class 2, he has provided the Court with no documentation for the five month loss of earned credit time. Atkins has submitted three copies of the Report of Disciplinary Hearing. (DE# 1-2 at 12, DE# 9-2 at 5, and DE# 9-4 at 8). They are identical and they all show only the demotion in credit class. Though a demotion in credit class inherently results in the loss of credit time that could have been earned, the Disciplinary Hearing Board (DHB) did not otherwise or additionally sanction him with the loss of five months earned credit time for this offense.

Motion to Compel and to Produce Documents

Despite the caption of the motion, it never clearly states what documents he wants produced and concludes by merely asking for "all other relief and judgment as soon as possible." (Mot. to Compel at 6). Atkins spends much of this motion and the other two motions complaining that the State of Indiana and its employees have deliberately delayed the resolution of this case. Though tangential to both these motions and the merits his habeas corpus claims, because of the persistence and ardor with which he presents this point, it must be noted that the record presented by him does

not support these allegations of delay by the State or its employees.

Atkins was found guilty on April 20, 2007. He did not initiate his Disciplinary Hearing Appeal until four months later on August 27, 2007. (DE# 1 at ¶ 9©, DE# 9-2 at 3, and DE# 9-4 at 9). Though the record is unclear as to when he appealed to the Final Reviewing Authority, it is clear that it ruled on October 19, 2007. (DE# 1-2 at 13, DE# 9-2 at 2, and DE# 9-4 at 7). It was nearly two and a half months later, on January 2, 2008, that he signed his habeas corpus petition and filed it without either payment of the filing fee or an *in forma pauperis* petition. Another month later, after he paid the fee on February 4, 2008, this Court ordered a response from the respondent on February 7, 2008. Thus the record reflects that at least seven and a half months of the delay that Atkins stridently protests was in fact caused by him.

In contrast, there is no indication that the State or its employees unreasonably delayed either Petitioner's administrative or judicial proceedings. His appeal to the Superintendent was answered in less than a month as was his appeal to the Final Reviewing Authority. The respondent has appeared when ordered to do so and has not sought an enlargement of time to respond. Atkins' letters to the Indiana Attorney General (DE# 9-4 at 1) and his deputy (see DE# 9-2 at 1, DE# 9-3 at 16, and DE# 9-4 at 1) were not part of the administrative appeal process and are of no merit.

4

Neither are his notice of tort claim (DE# 1-2 at 1), his complaint to the Indiana Ombudsman Bureau (DE# 9-3 at 9), his premature letter to Chuck Penfold (DE# 9-3 at 1), or his letters to his private attorney (DE# 1-2 at 15, DE# 1-2 at 17, DE# 9-3 at 5, DE# 9-3 at 11, and DE# 9-5 at 5). Though Atkins was certainly free to spend his time pursuing those avenues, he will not now be heard to complain that these delays were caused by the State or its employees.

Returning to his first motion, to the extent that Atkins is using this motion to obtain discovery materials, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "A judge may, for good cause, authorize a party to conduct discovery" but a "party requesting discovery must provided reasons for the request." Section 2254 Rule 6. Here, Atkins has not made such a showing. Additionally, his subsequent motions do not indicate that he is seeking to delay judgment while he conducts discovery or obtains additional documents. Rather his other filings make quite clear his desire for an immediate ruling based on the record before the Court. Therefore this motion to compel discovery will be denied.

5

Motion for Default Judgment

The second motion seeks a default judgment. A default judgment is an extreme sanction that is disfavored in habeas corpus cases. *See Lemons v. O'Sullivan*, 54 F.3d 357, 364-365 (7th Cir. 1995). Here, the Respondent has about two months before he must file a return with the administrative record. The Respondent has not delayed this proceeding and is not in default. Therefore this motion will be denied.


Motion for an Immediate and Expeditious Verdict

Atkins does not want to wait for the Respondent to file a return because he argues that his release date is approaching and delay may result in this Court ruling after he is no longer in prison. As previously discussed, much of the delay in this case was caused by Atkins himself. Nevertheless, he has provided this Court with sufficient documentation of his administrative proceedings that it is able to rule without awaiting the filing of a return.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4. Therefore his motion for an immediate ruling will be granted and the Respondent will be discharged from any further obligation to respond to the order to show cause.

Habeas Corpus Petition

Petitioner raises four grounds in his habeas corpus petition.

First, Atkins alleges that the DHB was not impartial.

> The Petitioner would contend that the members who made up the board were not impartial in that Mr. Atkins had a pending court action against Asst. Superintendent Kitchen in the form of a Tort Claim and Civil Suit. (SEE: Exhibit A) Stg. Weeks was not impartial in that he had written the Petitioner up on several occasions and had numerous confrontations with Mr. Atkins over the facility not complying with Indiana Department of Correction Policy and Facility Rules. (SEE: Exhibit B)

(Petition at ¶ 11.A). Atkins misunderstands the requirement of

impartiality. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974)

requires an impartial decision maker,

> Adjudicators are entitled to a presumption of honesty and integrity and thus the constitutional standard for impermissible bias is high. CAB members are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding.

*Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (citations

omitted).

> To guard against arbitrary decision making, the impartiality requirement mandates disqualification of a decision maker who is directly or substantially involved in the incident underlying a prison disciplinary hearing, but it does not require disqualification of a decision maker who is only "tangentially involved."

*Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000). Atkins does

not argue that any of the DHB members were directly, substantially,

or even tangentially involved in investigating this charge against

him. Moreover, Petitioner does not articulate any alleged bias was

displayed during the hearing. *Piggie*, 342 F.3d at 666-67(rejecting

7

bias argument when petitioner fails to show any displayed bias). Merely because these officers were involved in prior charges or proceedings with Petitioner is not enough in itself to establish bias here. As a result, he cannot demonstrate a violation of the impartiality requirement.

Second, Atkins alleges that, the board, "ignored evidence provided by the Petitioner in violation of the Sixth Amendment of the United States Constitution." (Petition at ¶ 11.B). There are several problems with this argument. The Constitution does not require that inmates be permitted the representation of counsel at a prison disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 570 (1974) ("[W]e are not prepared to hold that inmates have a right to either retained or appointed counsel in disciplinary proceedings.") Therefore there was no Sixth Amendment violation.

Atkins' attorney faxed a letter to the DHB (DE 1-2 at 5 and DE 9-3 at 7), which he believes dispositively proves his innocence. It does not. Even if the DHB believed the letter, which it did not have to do, it could have still found him guilty of the unauthorized use or abuse of the mail.

The Report of Conduct presents the initial facts of the case.

> On the morning of April 16, 2007, I (K. Knafel) opened the incoming mail from the weekend. Offender Howell Atkins #850439 had a letter returned by the U.S. Postal Service due to having a wrong address that he had mailed to Brian Cliette (address covered by postal sticker). I opened the envelope per policy and procedure and inside was a second stamped, self addressed, legal size envelope addressed to Howell O. Atkins, #850439/E-

8

15, Chain O'Lakes Correctional Fac., Albion, IN 46701,
from Brian Cliette, Post Office Box 613521, Department
XLOIO7NB, North Miami, Florida 33261-3521. Inside that
envelope was a small note from Offender Atkins to Mr.
Cliette asking for a catalogue "Single Mans Guide (with
free pictures) Of Big Booty Brazilian Women" and six (6)
dollars in cash ($1 and $5 bills).

Both envelopes and the signed note are Offender H.
Atkins handwriting.

Offender Howell Atkins #850439 did not have approval
to possess money or currency.

(DE# 1-2 at 14 and DE# 9-2 at 4). The letter from Atkins' attorney

provides Atkins' version of events.

Pursuant to our telephone conversation this date, I
am attaching with this memo a copy of the correspondence
received from my client, Howell Atkins, March 19th, 2007,
requesting that I disburse funds being held in my client
trust account which have been provided by Mr. Atkins.

I also attach a copy of my correspondence dated
March 27th, 2007, indicating that the requested checks,
and the $6.00 cash was forwarded from my office. Please
advise if any further information is necessary.

(DE# 1-2 at 5 and DE# 9-3 at 7).

Even if the DHB believed the attorney's statement, there is

still evidence that Atkins structured a circuitous transaction for

the purpose of receiving contraband. Receipt of the return mail

containing cash is some evidence to support finding that Atkins

deceived his attorney into sending cash to an invalid address for

the purpose of having it returned to him. It is undisputed that

Atkins prepared the envelopes and asked his attorney to mail them

with cash on his behalf. Though Atkins argues for a different

interpretation of the facts, "[t]he Federal Constitution does not

require evidence that logically precludes any conclusion but the

one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted).

Atkins argues that he never touched the money, but that is not relevant to his guilt. If the same technique had been used to have marijuana or cocaine mailed to him in the prison, it would be of no merit that he did not personally obtain the illegal drugs. Initiating the mailing scheme is some evidence of an unauthorized use or abuse of the mail. *Compare Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

Third, Atkins argues that the DHB violated the Indiana Department of Correction Policy 02-04-101 when they deprived him of five months earned credit time because "the most time that can be taken for a Class C Conduct Violation is three (3) months of Earned Credit Time." (Petition at ¶ 11.C). Even if the violation of a prison rule could be a basis for habeas corpus relief (see the discussion of Atkins' fourth argument, *infra*), as previously discussed, all of the evidence presented by Atkins shows that he did not lose earned credit time. Rather he was only demoted from credit class 1 to credit class 2.

Fourth, Atkins argues that, "[T]he sanctions issued by the Conduct Adjustment Board were not reviewed and signed for by the Superintendent of the Chain O'Lakes Facility as required by Indiana Department of Correction Policy 02-04-101." (Petition at ¶ 11.D).

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). Because the violation of prison policies are not a basis for habeas relief, it is not relevant whether this prison policy was violated.

11

<u>CONCLUSION</u>

For the reasons set forth above, the motion to compel (DE# 6) is **DENIED**, the motion for default judgment (DE# 7) is **DENIED**, the motion for immediate ruling (DE# 9) is **GRANTED**, the habeas corpus petition (DE# 1) is **DENIED**, and the respondent is **DISCHARGED** from any obligation to respond to the order to show cause.


**DATED:  March 7, 2008**                    **/s/RUDY LOZANO, Judge**
                                         **United States District Court**